831 A.2d 66

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Dennis G. OLVER.

Misc. AG No. 64, Sept. Term, 2002.

Court of Appeals of Maryland.

Aug. 28, 2003.

Melvin Hirshman, Bar Counsel, Glenn M. Grossman, Deputy Bar Counsel for Attorney Grievance Com'n of Maryland, for petitioner.

Charles E. Kountz, Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting at the direction of the Review Board, *see* Maryland Rule 16–709,[1] filed a Petition For Disciplinary Action against Dennis G. Olver, the respondent, charging him with misconduct, consisting of violations of several of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812. The petition alleged, in particular, that the respondent violated Rules: 1.1, Competence;[2] 1.3, Diligence;[3] 1.4, Communication;[4] and 8.4(d),

---

1. Until June 30, 2001, Maryland Rule 16–709, as relevant, provided:
   "a. Who may file. Charges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board."
   Maryland Rule 16–741 now governs the filing of petitions for disciplinary actions, now characterized as statements of charges. Adopted November 30, 2000, effective July 1, 2001, it provides:
   "(a) Filing of Statement of Charges.
   "(1) Upon completion of an investigation, Bar Counsel shall file with the Commission a Statement of Charges if Bar Counsel determines that:
   "(A) the attorney either engaged in conduct constituting professional misconduct or is incapacitated;
   "(B) the professional misconduct or the incapacity does not warrant an immediate Petition for Disciplinary or Remedial Action;
   "(C) a Conditional Diversion Agreement is either not appropriate under the circumstances or the parties were unable to agree on one; and
   "(D) a reprimand is either not appropriate under the circumstances or (i) one was offered and rejected by the attorney, or (ii) a proposed reprimand was disapproved by the Commission and Bar Counsel was directed to file a Statement of Charges."
   Although pursuant to the Rules Order, the new rules became effective July 1, 2001, the Rules Order excepted "any matter pending before an Inquiry Panel, the Review Board, or the Court of Appeals pursuant to charges, a petition, or an application pending as of June 30, 2001," which, it provided, "shall continue to be governed by the Rules in effect on June 30, 2001."

2. Rule 1.1 of the Maryland Rules of Professional Conduct requires a lawyer to "provide competent representation to a client," which the Rule defines as consisting of "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

3. Pursuant to Maryland Rule 1.3, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

4. Rule 1.4 provides:

Misconduct.[5]  We referred the case to the Honorable Edward R.K. Hargadon, of the Circuit Court for Baltimore City, for hearing and to find facts and draw conclusions of law, *see* 16–711.a,[6] which, following the hearing, the hearing court did. Neither party excepted to the findings of fact or the conclusions of law.

With this Court's adoption, with substantial amendment, on November 30, 2000, of the 144th Report of the Standing Committee on Rules of Practice and Procedure, effective July 1, 2001, the Maryland Rules for the first time contained a conditional diversion rule.   Maryland Rule 16–736.

That rule permits Bar Counsel to

"agree to a Conditional Diversion Agreement if Bar Counsel concludes that:

"(1) the attorney committed professional misconduct or is incapacitated;

"(2) the professional misconduct or incapacity was not the result of any wilful or dishonest conduct and did not involve conduct that could be the basis for an immediate Petition for Disciplinary or Remedial Action pursuant to Rules 16–771,[7]

---

"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

5.  Pursuant to Rule 8.4(d), "[i]t is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

6.  Maryland Rule 16–711.a provides:
"a.   Findings. A written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."
*See* Rule 16–757, effective July 1, 2001.

7.  Rule 16–771, titled "Disciplinary or remedial action upon conviction of crime," requires Bar Counsel to file a Petition for Disciplinary or Remedial Action in the Court of Appeals when he learns and verifies that an attorney has been convicted of a serious crime.  The Rule further provides that, after a hearing, this Court may suspend the

16–773,[8] or 16–774 [9];

> "(3) the cause or basis of the professional misconduct or incapacity is subject to remediation or resolution through alternative programs or mechanisms, including (A) medical, psychological, or other professional treatment, counseling, or assistance, (B) appropriate educational courses or programs, (C) mentoring or monitoring services, or (D) dispute resolution programs; and

> "(4) the public interest and the welfare of the attorney's clients and prospective clients will not be harmed if, instead of the matter proceeding immediately with a disciplinary or remedial proceeding, the attorney agrees to and complies with specific measures that, if pursued, will remedy the immediate problem and likely prevent any recurrence of it."

Rule 16–736(a). Such an agreement, when approved by the Commission, which is a requirement of the validity of a conditional diversion agreement, Rule 16–736(d), "does not constitute discipline," Rule 16–736(h)(1), and its contents are "confidential and may not be disclosed," [10] Rule 16–736(h)(2),

---

attorney from the practice of law until final disposition of the disciplinary or remedial action if it determines that the attorney has been convicted of a serious crime.

**8.** Rule 16–773 addresses reciprocal discipline or inactive status cases in which

the attorney who is the subject of the petition, in another jurisdiction, is disbarred, suspended, or otherwise disciplined, resigns from the bar while disciplinary or remedial action is threatened or pending in that jurisdiction, or is placed on inactive status based on incapacity.

**9.** Rule 16–774 involves attorneys "summarily placed on inactive status for an indefinite period if the attorney has been judicially determined to be mentally incompetent or to require a guardian of the person for any of the reasons stated in Code, Estates and Trusts Article, § 13–705(b), or, in accordance with law, has been involuntarily admitted to a facility for inpatient care treatment of a mental disorder."

**10.** Rule 16–736(h)(3) requires Bar Counsel, upon the Commission's approval of a conditional diversion agreement, to inform the complainant only of that fact and that disciplinary or remedial proceedings have been stayed in favor of the agreement and will be terminated if the attorney complies with the Agreement, the proceeding. "The complain-

except upon revocation of the agreement, Rule 16–736(h)(4), discussed *infra,* or "when relevant to a subsequent complaint based on similar misconduct." Rule 16–736(h)(5). Moreover, "[n]either the fact that an Agreement was proposed, rejected, or not approved nor the contents of the Agreement may be admitted into evidence." Rule 16–736(b).

The Rule provides that the agreement is voluntary, specifying that "[n]either Bar Counsel nor an attorney is required to propose or enter into a Conditional Diversion Agreement." Rule 16–736(b). When, however, a conditional diversion agreement is entered into, it requires that the agreement "shall state that the attorney voluntarily consents to its terms and promises to pay all expenses reasonably incurred in connection with its performance and enforcement." *Id.* In addition to "be[ing] in writing and signed by Bar Counsel, the attorney, and any monitor designated in the Agreement," Rule 16–736(c)(1), "(2) The Agreement shall recite the basis for it, as set forth in section (a) of this Rule. By signing the Agreement, the attorney (A) acknowledges that the attorney has engaged in conduct that constitutes professional misconduct or is currently incapacitated, and (B) warrants that the attorney has not concealed from or misrepresented to Bar Counsel any material facts pertaining to the attorney's conduct or the Agreement.

"(3) The Agreement shall state the particular course of remedial action that the attorney agrees to follow and a time for the performance or completion of that action. The Agreement is expressly conditioned on the attorney's not engaging in any further conduct that would constitute professional misconduct and may provide for any program or corrective action appropriate under the circumstances, including:

"(A) mediation or binding arbitration of a fee dispute;

"(B) restitution of unearned or excessive fees in a stipulated amount;

---

ant shall also be notified of the potential for and consequences of noncompliance." *Id.*

"(C) public apology to designated individuals;

"(D) law office management assistance, including temporary or continuing monitoring, mentoring, accounting, bookkeeping, financial, or other professional assistance, and completion of specific educational programs dealing with law office management;

"(E) completion of specific legal education courses or curricula, including courses in legal ethics and professional responsibility;

"(F) agreement not to practice in specific areas of the law (i) unless the attorney associates himself or herself with one or more other attorneys who are proficient in those areas, or (ii) until the attorney has successfully completed a designated course of study to improve the attorney's proficiency in those areas;

"(G) specific course of treatment for emotional distress, mental disorder or disability, or dependence on alcohol or other drugs; and

"(H) stipulated number of hours of pro bono legal services.

"(4) The Agreement shall provide for a stay of any disciplinary or remedial proceeding pending satisfactory performance by the attorney. The Agreement may designate either a private monitor engaged at the attorney's expense or Bar Counsel to supervise performance and compliance. The Agreement shall authorize the monitor to request and receive all information and inspect any records necessary to verify compliance and, if a private monitor is selected, to report any violation or noncompliance to Bar Counsel. The Agreement shall specify the fees of any private monitor and the method and frequency of payment of those fees."

Rule 16–736(c)(2)-(4).

As noted, "[a] Conditional Diversion Agreement is not valid until approved by the Commission." Rule 16–736(d). After receipt of "any explanatory material that [the Commission] believe[s] relevant, and any further information that the Commission requests," the Commission must decide to approve or

disapprove the agreement based on whether it is satisfied or convinced that it is reasonable and in the public interest or to "recommend amendments to the Agreement as a condition of approval, which the parties may accept or reject." *Id.* at (d)(1)-(3).[11] The Commission may also revoke the agreement, Rule 16–736(f), or terminate the disciplinary or remedial proceedings upon the satisfaction of the agreement. Rule 16–736(g). Revocation of the agreement may occur when, upon petition of Bar Counsel alleging professional misconduct committed while the attorney was subject to the agreement, wilful misrepresentation or concealment of facts material to Bar Counsel's recommendation of the agreement, or a material breach of the agreement, the attorney, having been afforded a reasonable opportunity to do so, fails to refute the allegations. Rule 16–736(f)(1) and (2).[12]

We shall not consider the merits of these proceedings, preferring to address, as a preliminary issue, whether this is the kind of case, contemplated by the Lawyer Discipline Rules which took effect July 1, 2001, as appropriate for diversion before initiation of disciplinary proceedings or at least prior to their conclusion. This case seems to fall within the Rule, to be the kind of case that the Court had in mind when it approved a diversion alternative to be administered outside of, and without the supervision of, judicial proceedings-the Comment to Rule 16–736(a) lists "emotional stress or crisis or abuse of

---

11. Paragraph (d)(3) also provides: "If Bar Counsel and the attorney accept the amendments, they shall notify the Commission of the acceptance, and the Commission shall then approve the Agreement. If either party rejects a proposed amendment, the Agreement shall be deemed disapproved."

   A conditional diversion agreement is subject to amendment "from time to time in a writing signed by Bar Counsel and the attorney and approved by the Commission." Rule 16–736(e).

12. "If the Commission concludes that the attorney is in material default of the Agreement, it shall revoke the Agreement, revoke the stay of the disciplinary or remedial proceeding, and direct Bar Counsel to proceed in accordance with Rule 16–751, or as otherwise authorized by the Rules in this Chapter." Rule 16–736(f)(3).

alcohol or other drugs" as an "[e]xample[ ] of conduct that may be susceptible to conditional diversion."

The conduct of the respondent, alleged as misconduct and which the hearing court concluded violated the Rule violations charged, can only be characterized as unusual and strange. Indeed, in the Complaint, the petitioner indicated that the respondent's "unusual and odd behavior . . . stemmed from one or more psychiatric disorders" and submitted that the respondent was "unable to render adequate legal services by reason of mental illness or infirmity." The petitioner's witness, Board certified in general psychiatry and forensic psychiatry, testified that the respondent suffers from Major Depression, a chronic illness, punctuated by episodes of severe depression, and a Personality Disorder, "a lifelong condition resulting in the [respondent] experiencing persistent and consistent interactions that will get the patient into difficult situations, diagnoses with which the respondent's psychiatric witness agreed [13] and the existence of which the hearing court found as a fact. She concluded that the respondent's mental condition caused him to act as he did in his representation of the complainant in 2000 and that the respondent is not capable of rendering adequate legal services. If, however, he were to take his medication, remain in psychiatric therapy and be supervised weekly, he may be able to practice, she submitted. The hearing court agreed, finding that the respondent

---

13. The respondent's witness opined that the respondent may also be suffering from Attention Deficit Disorder (ADD), but because the respondent had not, for financial reasons, been tested for that disorder, he could not be sure or render a professional opinion or diagnosis to that effect. The witness noted, in addition, that ADD is characterized by two symptoms, disorganization and difficulty in concentrating, that are symptoms of depression and, so, may be masked by severe depression and, on the other hand, persist when the severe depression recedes. Although acknowledging an inability to find as a fact that the respondent suffered from ADD, the hearing court observed that "there is certainly enough evidence to conclude that many of the present behaviors of Respondent, such as difficulty in concentrating, disorganization and forgetfulness, are symptoms of ADD. These behaviors currently exist despite the fact that Respondent is not currently exhibiting signs of severe depression."

"has not proven by a preponderance of evidence that he is presently capable of rendering adequate legal services without his recovery and his practice being monitored. Respondent virtually conceded at the hearing before this Court that he needed monitoring of his practice° and his recovery in order to continue practicing law ."

It then found as a fact that the respondent, through the testimony of the Lawyers Assistance Project witnesses, had proven that monitoring by that program "would allow him to render adequate legal services, or at least impose adequate safeguards to the public in the event Respondent should relapse into his depression or otherwise exhibit unprofessional conduct or behavior indicating that he is then suffering from a mental illness."

We are aware that the Rules Order adopting the Attorney Discipline Rules made them effective July 1, 2001 and provided that any matter pending before an Inquiry Panel, the Review Board, or the Court of Appeals pursuant to charges, a petition, or an application pending as of June 30, 2001 shall continue to be governed by the Rules in effect on June 30, 2001. Nevertheless, we are aware, as well, that the purpose for promulgating the diversion rule was to give Bar Counsel and the Commission the flexibility to resolve or remediate certain kinds of misconduct or incapacity, without resort to the full panoply of resources required for resolution of formal disciplinary proceedings.[14]

Nor are we unaware that neither Bar Counsel nor the respondent is obliged to propose or enter into a conditional diversion agreement. When this case was filed, there was no diversion rule and the case proceeded pursuant to the Rules in effect on June 30, 2001. Those Rules did not contemplate that a diversion agreement could be proposed or entered into. The

---

14. The other examples listed are: unfamiliarity with proper methods of law office management, record-keeping, or accounting, unfamiliarity with particular areas of law or legal procedure, negligent management of attorney trust accounts or other financial matters, negligent failure to maintain proper communication with clients and negligent failure to provide proper supervision of employees.

Rule now so provides. Moreover, inasmuch as the petitioner does not disagree with the hearing court's finding that the respondent was suffering from a mental condition that caused the misconduct and the respondent, consistent with the court's findings and conclusions, recommends a suspension, subject to conditions designed to monitor that condition and protect the public, the necessity for which the petitioner also acknowledges, there appears to be little debate as to the nature of the misconduct or disability or the way in which to resolve or remediate it. Therefore, we think it appropriate that, as the Rule now contemplates, Bar Counsel, the respondent and the Commission first should consider the matter of whether there should be diversion in this case or whether the respondent should be placed on inactive status. See Rule 16–774, Summary placement on inactive status.[15] Accordingly, we remand

---

**15.** Maryland Rule 16–774 provides:

"(a) Grounds.—An attorney may be summarily placed on inactive status for an indefinite period if the attorney has been judicially determined to be mentally incompetent or to require a guardian of the person for any of the reasons stated in Code, Estates and Trusts Article, § 13–705(b), or, in accordance with law, has been involuntarily admitted to a facility for inpatient care treatment of a mental disorder.

"(b) Procedure.—

"(1) Petition for summary placement; confidentiality.—Bar Counsel, with the approval of the Commission, may file in accordance with Rule 16–751 a petition to summarily place an attorney on inactive status. The petition shall be supported by a certified copy of the judicial determination or involuntary admission. The petition and all other papers filed in the Court of Appeals shall be sealed and stamped "confidential" in accordance with Rule 16–723(b)(8).

"(2) Service.—The petition and all papers filed with the petition shall be served upon the attorney in accordance with Rule 16–753 and, in addition, upon any guardian of the person of the attorney and the director of any facility to which the attorney has been admitted. Proof of service shall be made in accordance with Rule 2–126.

"(c) Order of the Court of Appeals.—Upon consideration of the petition and any answer, the Court of Appeals may immediately place the attorney on inactive status for an indefinite period pending further order of the Court, may enter an order designating a judge in accordance with Rule 16–752 to hold a hearing in accordance with Rule 16–757, or may enter any other appropriate order. The provisions of Rule 16–760 apply to an order that places an attorney on

the case to the Commission in order that Bar Counsel may determine whether to propose a conditional diversion agreement or inactive status.

IT IS SO ORDERED.

---

inactive status. Copies of the order shall be served upon Bar Counsel and each person named in the proof of service of the petition. "(d) Effect on disciplinary or remedial proceeding.—If a disciplinary or remedial proceeding for alleged misconduct is pending against the attorney, the entry of an order under this section shall stay the proceeding until the further order of the Court.

"(e) Termination of inactive status.—When an attorney who has been placed on inactive status under section (c) of this Rule is judicially determined to be competent or is judicially released after involuntary admission, the Court of Appeals shall terminate the inactive status and either dismiss the petition or enter an order designating a judge in accordance with Rule 16–752 to hold a hearing in accordance with Rule 16–757."